# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALONZO LOPEZ-ALVARENGA, | Case No. 1:24-cv-00775-EPG-HC |
| Petitioner, | |
| v. | ORDER FOR SUPPLEMENTAL BRIEFING |
| CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Respondents. | |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his prolonged detention without a bond hearing.

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

At the time the petition was filed, Petitioner was detained pursuant to 8 U.S.C. § 1226(c), which "applies throughout the administrative and judicial phases of removal proceedings." Avilez v. Garland, 69 F.4th 525, 535 (9th Cir. 2023). On November 21, 2024, the Ninth Circuit denied Petitioner's petition for review, and Petitioner's motions for stay of removal were denied.

(Mem. Disposition & Order, Lopez-Alvarenga, No. 23-1045 (9th Cir. Nov. 21, 2024), ECF Nos. 46, 47.)[1] "Section 1231(a) does not apply to detention during the pendency of administrative or judicial removal proceedings" but "instead governs detention during a ninety-day 'removal period' after the conclusion of removal proceedings," which begins on the latest of either "(1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and this court stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez, 69 F.4th at 530–31 (citing 8 U.S.C. § 1231(a)(1)(B)(i)–(iii)).

The Court finds that supplemental briefing would assist the Court in this matter. Specifically, the parties should address what impact, if any, the Ninth Circuit's denial of Petitioner's petition for review has on the habeas petition pending before this Court.

Accordingly, the Court HEREBY ORDERS:

1. Within thirty (30) days of the date of service of this order, Respondent shall file a supplemental brief addressing the issue set forth above; and
2. Within thirty (30) days of the date of service of Respondent's brief, Petitioner may file a response to Respondent's brief.

IT IS SO ORDERED.

Dated: **December 11, 2024**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").