# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALONZO LOPEZ-ALVARENGA,<br><br>Petitioner,<br><br>v.<br><br>CURRENT OR ACTING FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | Case No. 1:24-cv-00775-EPG-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 25) |

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States magistrate judge. (ECF Nos. 15, 17, 18.) For the reasons stated herein, the Court dismisses the petition for writ of habeas corpus as moot.

**I.**

**BACKGROUND**

Petitioner is a native and citizen of El Salvador. (ECF No. 21 at 9.[1]) Petitioner has been convicted of various offenses and most recently was sentenced on September 30, 2021 to an imprisonment term of one year and four months for being a felon in possession of a firearm and grand theft of an automobile. (ECF No. 21 at 10.)

Upon Petitioner's release from prison on June 9, 2022, the Department of Homeland Security ("DHS") detained Petitioner pursuant to 8 U.S.C. § 1226(c). On June 28, 2022,

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1   Petitioner appeared before an immigration judge ("IJ") for a removal hearing. On October 20,
2   2022, an IJ issued an order of removal against Petitioner and denied Petitioner's requests for
3   relief and protection. On May 17, 2023, the Board of Immigration Appeals ("BIA") dismissed
4   Petitioner's appeal and issued a final administrative order of removal. (ECF No. 21 at 10.) On
5   May 30, 2023, Petitioner appealed to the Ninth Circuit, and Petitioner was granted a temporary
6   stay of removal. (Id. at 11.)

7         Meanwhile, on July 18, 2023, Petitioner file the instant petition for writ of habeas corpus
8   in the United States District Court for the Northern District of California. (ECF No. 1.) On July
9   3, 2024, the case was transferred to this Court. (ECF Nos. 6, 7.) In the petition, Petitioner alleges
10  that he has been detained since June 9, 2022, and has not been afforded a bond hearing.
11  Petitioner asserts that his prolonged detention violates his Fifth and Eighth Amendment rights
12  and requests immediate release, or in the alternative, release within thirty days unless
13  Respondents schedule a bond hearing before an IJ. (ECF No. 1 at 4, 12–13.) On September 6,
14  2024, Respondents filed an answer. (ECF No. 21.) To date, no traverse has been filed.

15        On November 21, 2024, the Ninth Circuit denied Petitioner's petition for review, and
16  Petitioner's motions for stay of removal were denied. Mem. Disposition & Order, Lopez-
17  Alvarenga, No. 23-1045 (9th Cir. Nov. 21, 2024), ECF Nos. 46, 47.[2] On December 12, 2024, the
18  Court ordered supplemental briefing in light of the Ninth Circuit's denial of the petition for
19  review. (ECF No. 23.) On January 10, 2025, Respondents filed a supplemental brief addressing
20  the legal issues outlined by the Court. (ECF No. 24.) On February 13, 2025, Respondents filed
21  another supplement, informing the Court that Petitioner was removed from the United States to
22  El Salvador on February 5, 2025. (ECF No. 25 at 1; ECF No. 25-2 at 2.) Respondents move to
23  dismiss the petition "on the basis that Petitioner's release from detention and removal from the
24  United States has rendered his Petition moot." (ECF No. 25 at 1.)

---

[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER."); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner challenges his prolonged detention in U.S. Immigration and Customs Enforcement ("ICE") custody. (ECF No. 1.) On February 5, 2025, Petitioner was removed to El Salvador. (ECF No. 25 at 1; ECF No. 25-2 at 2.) Given that Petitioner is no longer in ICE custody, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (finding habeas petition challenging length of immigration detention moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (ECF No. 25) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED as MOOT; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **May 9, 2025**         /s/ Erica P. Grosjean
                                UNITED STATES MAGISTRATE JUDGE